Gano *v.* Hall.

SUPREME COURT. Broome General Term, February, 1864. *Parker, Mason, Balcom* and *Campbell,* Justices.

## PHILIP GANO *v.* NATHAN G. HALL.

A warrant of commitment, issued by a justice of the peace under part IV, chap. 2, title 1, sec. 5 of the Revised Statutes, is valid without a seal.

When a justice of the peace, after an examination, has adjudicated that a person brought before him shall give sureties to keep the peace, and the prisoner has refused to do so, it is his duty to issue his warrant of commitment; and such warrant issued on the next day will be valid, though, in the meantime, the prisoner has been suffered to go at large by the consent of the justice.

Form of a warrant of commitment on a refusal to give sureties to keep the peace.

THIS was an action for false imprisonment, tried at the Otsego circuit, before Mr. Justice BALCOM, in December, 1862.

The defendant justified the arrest and imprisonment under a warrant of commitment issued by the defendant as a justice of the peace.

On the trial, it appeared that on the 11th September, 1861,

---

[1] NOTE. — This judgment was affirmed by the Court of Appeals, at June term, 1865.

a complaint, in writing, was made by Harvey E. Saxton, before the defendant, as a justice of the peace, against the plaintiff, by which complaint it appeared that the plaintiff had threatened to shoot Saxton; the complaint concluded with a prayer that the plaintiff might be bound by recognizance to answer at the next Court of Sessions, and in the meantime to keep the peace. The complaint and examination were taken upon oath, and upon them the defendant issued a warrant, under which the plaintiff was brought before the defendant, as such justice of the peace. The plaintiff appeared with counsel. The defendant decided that plaintiff should give bail in the sum of $300, which the plaintiff refused to give. The defendant said he was unwell and could not make out the warrant that night, and that the plaintiff could go pretty much where he had a mind to that night. The next morning the defendant made out the commitment, which was as follows:

*Otsego County, ss:*

To any constable of said county, Greeting: — Whereas, Harvey E. Saxton, on the 11th day of September, instant, made complaint to me, in writing, on oath, that Philip Gano, on the 11th day of September, instant, at the town of Middlefield, in said county, threatened to shoot him, the said Harvey E. Saxton, and otherwise injure him; whereas, it appeared to me, upon the examination of the said complainant, duly made on oath, and reduced to writing, and subscribed by him, that there was just reason to fear the commission of said offense by said Philip Gano, and he having been brought before me, on my warrant, was required to enter into a recognizance in the sum of three hundred dollars, with sufficient surety, to appear at the next Court of Sessions, to be held in said county, and not to depart the same without leave, and, in the meantime, to keep the peace towards the people of this State, and particularly towards the said complainant; and the said Philip Gano having refused to find such security, you are therefore commanded, in the name of the People of the State of New York, forthwith to convey him to the common jail of said county, and deliver him to the keeper thereof, who is hereby

required to receive the said Philip Gano into his custody, and him safely keep in the said jail until he shall find such security or be discharged by due course of law.

Witness my hand, this 12th day }
    of September, 1861,    }

               NATHAN G. HALL, *Justice of the Peace.*

The warrant of commitment was not under seal.

The plaintiff was arrested under this warrant and imprisoned for a short time in the jail of Otsego county, when he was discharged on *habeas corpus.*

The evidence being closed, the court proceeded to charge the jury as to the rules of law by which they should be governed in determining whether their verdict should be for the plaintiff or for the defendant. The court, among other things, charged the jury that the warrant of commitment was good without seal, to which plaintiff's counsel excepted. The court also charged the jury that it was a question of fact for them to determine whether the defendant, Hall, discharged the plaintiff, Gano, at the time he was brought before him on the warrant of arrest, to which the plaintiff's counsel also excepted; that if defendant did discharge him, he was liable in his action for subsequently issuing the mittimus on which the plaintiff was arrested and imprisoned, but if he did not discharge him, and issued the mittimus without previously discharging the plaintiff, the plaintiff could not recover. Plaintiff's counsel excepted.

The counsel for the plaintiff then requested the court to charge the jury:

1. That the process of commitment is void, for the reason that it was issued without seal, and the defendant is therefore liable. The court refused so to do, and the plaintiff's counsel excepted.

2. That when the justice, Hall, told the plaintiff he could go pretty much where he pleased until Hall got the mittimus made out, it was a discharge in law. The court refused so to charge, and the plaintiff's counsel excepted.

3. That unless the magistrate had some means after the

prisoner's leaving to compel his attendance, the prisoner, when he went away, was in law discharged. The court refused so to charge, and the plaintiff's counsel excepted.

4. That leaving the prisoner without the control of any person, the magistrate had no power to procure his attendance, and in non-attending the party would be guilty of no contempt under such circumstances. The court refused so to charge, and the plaintiff's counsel excepted.

5. That what did occur before the magistrate on the night of the arrest before him was in law a discharge. The court refused so to charge, and the plaintiff's counsel excepted.

The jury returned a verdict for the defendant, and the plaintiff moved for a new trial.

*J. A. Lynes*, for the plaintiff.

I. The warrant of commitment in this case was not under seal.

The common law requires all warrants in criminal proceedings to be under the hand and seal of the magistrate who issues them; and a warrant not under seal is void, unless our statute has authorized it to be issued without seal. (*The People* v. *Holcomb* (3 *Park. Cr. R.*, 656, *and cases cited;* 1 *Chitty's Cr. L.*, 109; 2 *Hall R.*, 122; *Magistrate's Cr. L., Barb. R.*, 494; 2 *Hawk. Pl. of the Cr., ch.* 16, § 13; *N. Y. Civil and Cr. Justice*, 579; *Davies' Justice*, 106.)

There is no provision in the statute allowing a warrant of commitment to issue without seal.

II. The defendant discharged the plaintiff when he told him " he could go pretty much where he had a mind to that night," and allowed him to go home without putting him in charge of any person.

The plaintiff was in the custody of the court after he had been arrested on the warrant and brought into court, and the justice should have committed him for safe keeping, or left him in the custody of the officer who arrested him, and who was in the house at the time, as required by the statute. (3 *R. S.*, *5th ed.*, 1003, § 5.)

Gano *v.* Hall.

But instead of doing that, the justice released the prisoner from the care and custody of the officer, and allowed him to go free, without any restraint and without any means of compelling his return to or appearance in court. And we submit that the same rule would apply to a justice, under such circumstances, as to a constable or sheriff having a prisoner in charge.

And if either of the last mentioned officers had even allowed a prisoner to go home, to say nothing of a positive direction on the part of the officer to the prisoner "to go where he had a mind to that night," it would have been a voluntary escape or rather release and discharge on the part of the officer, and the prisoner could not have been retaken.

A voluntary escape is where the prisoner goes outside the jail limits by permission of the sheriff or his deputy, even for the shortest time. (*Crocker on Sheriffs*, 250.)

In case of a voluntary escape, the prisoner cannot be retaken, and if the officer does retake him, he is liable for false imprisonment. (*Jansen* v. *Hilton*, 10 *Johns. R.*, 549; *Tillman* v. *Lansing*, 4 *Id.*, 45; *Thompson* v. *Lockwood*, 15 *Id.*, 256; *Littlefield* v. *Brown*, 1 *Wend. R.*, 398; *Graham's Pr.*, 148.)

III. The justice erred in submitting the question to the jury, whether the defendant, Hall, discharged the plaintiff, Gano, at the time he was brought before him on the warrant of arrest.

There was no question of fact for the jury to decide. There was really no conflict of evidence on the point of what was said and done by the defendant at the time the plaintiff was under arrest.

The court should have decided, as matter of law, whether the defendant, Hall, discharged the plaintiff on the night of his arrest. There being no dispute about the facts, it was purely a question of law. (*Bulkeley* v. *Keteltas*, 2 *Seld. R.*, 384; *Besson* v. *Southard*, 6 *Id.*, 236.)

IV. The judge erred in refusing to charge the jury as requested.

*Crippen & Brooks*, for defendant.

I. The charge of Judge BALCOM to the jury that the warrant of commitment was good without seal was correct:

1. It is made the duty of the justice on a proper complaint to issue his warrant with or without seal. (3 *R. S.*, 5th ed., 991, § 3.)

Section 5 provides for the commitment of the prisoner on a warrant till he shall find sureties to keep the peace.

*Revised Statutes*, 5th ed., 454, § 158, provides that all process issued by any justice shall be signed by him, and may be under seal or without seal.

Warrants issued under the statute " for the prevention of crimes," are not criminal process.

In *Bradstreet* v. *Furgison* (17 *Wend. R.*, 185), Judge NELSON says that " they are separate and distinct from those prescribed in cases where crimes are actually committed," and should not be confounded with them. (*Affirmed in Court of Errors*, 23 *Wend. R.*, 638 ; *People* v. *Holcomb*, 3 *Park. Cr. R.*, 664.)

The court says, warrants issued under the statute, entitled " of proceedings to prevent the commission of crimes," may be with or without seal.

*Benac* v. *The People* (4 *Barb. R.*, 32) is a case directly in point. The form of the warrant of commitment is set out in the case, and is without seal. Benac was committed under the act respecting disorderly persons for want of sureties for good behavior. The court held the warrant good. Surety for good behavior is of near affinity to surety for the peace ; but the former includes the latter kind of surety and something more, for he that is bound to good behavior is therein also bound to keep the peace.

2. The justice drew the warrant from the form given in the *New York Civil and Criminal Justice*, page 648. This is a late work, published for the guidance of justices of the peace, and the form is without seal.

In *Benedict's Treatise on Justices' Courts*, page 420, the form of the warrant to commit under this statute is given without

Gano *v.* Hall.

seal. This is likewise a standard work, and has passed through several editions.

In the *New Clerk's Assistant,* page 360, the form is given without seal.

If this court should hold a seal necessary to the validity of the commitment, it would reverse the practice in justices' courts, and in nearly every case under the statute subject the officer to a bill of costs for doing his duty, as prescribed by all the standard works written for the guidance of justices of the peace.

II. The court did not err in submitting the question to the jury, whether the justice discharged the plaintiff on the night of his arrest, and in refusing to charge as the plaintiff's counsel requested.

None of the parties present understood that the justice intended to discharge the plaintiff from custody. The defendant and his witnesses testify that the justice refused to discharge the plaintiff, and told him he should hold him to bail; that it was two or three o'clock in the morning; that the justice was sick and tired, and that he could not make out the warrant that night, and that plaintiff could go pretty much where he had a mind to that night, and that plaintiff's counsel said that would be well enough; that plaintiff and defendant both went home, and that the defendant made out the mittimus at 8 o'clock the next morning.

What injury has the plaintiff suffered by not being incarcerated in jail that night?

Had the plaintiff been dragged to Cooperstown, a distance of six miles, at 3 o'clock at night, he would have complained, and justly, of cruelty on the part of the magistrate, and would have urged that he had committed no crime for which he should have been hurried off to jail.

Judge BALCOM, in his charge to the jury, said that when the constable brought the plaintiff before the magistrate and made his return on the warrant, that the prisoner was in the custody of the law and under the control of the court.

Lord HALE has laid down the rule "that the prisoner may

be continued in the custody of the officer, or may be detained in the justice's house, or committed to some near safe place of custody, till the examination can be taken by the magistrate." (*Barb. Crim. Treatise*, 482; 2 *Hale R.*, 120.)

It is also well settled that after the magistrate has determined on committing the party he may verbally authorize the constable to detain him until he can make out his mittimus. (1 *Chit. Cr. L.* 74; 7 *East R.*, 533; 3 *Smith R.*, 513; Barb. *Cr. Tr.*, 480.)

If he had a right to place him verbally in charge of a constable, he had a right to detain him in his own custody. till he could make out his warrant, and it is an erroneous proposition that after the justice had permitted the prisoner to go home he could not again retake him.

In *Barb. Cr. L.* (*p.* 36), it is said, "an officer who has negligently suffered a prisoner to escape may retake him whenever he finds him." "As the public good requires that criminals should be brought to justice, a jailer who has voluntarily suffered a criminal to escape can retake him."

If Gano had run away he could have been punished for an escape.

"An escape from the custody of the law is an offense of itself, though no force or violence is used, because all persons are bound to submit themselves to the judgment of the law." (*Barb. Cr. L.*, 36.)

He was in custody of the law when brought before the magistrate, and he had a right to permit him to go till he could make out the proper warrant. And the law is satisfied and the prisoner not injured if permitted to go to his own house to spend the night, especially where the prisoner had been guilty of no crime.

It is an every day practice for public officers to permit prisoners to go at large where there is no probability of their escape.

2. The prisoner's counsel consented that the plaintiff should go until the mittimus should be made out, and the plaintiff should not be allowed to set up that he has been injured by

Gano *v.* Hall.

what was done for his accommodation and with his approval and consent.

III. The defendant was a public officer and was acting officially. He has drawn his papers according to the most approved forms laid down in our books. He allowed the prisoner to go to his own house that night, by his counsel's consent, a kindness at which the plaintiff ought not to complain.

*By the court,* MASON, J. The judge, at circuit, was clearly right in holding the warrant of commitment good without seal. As to the first warrant issued for the arrest of the offender, under this statute, it is expressly provided that it may be with or without seal. (3 *R. S.,* 991, § 3.)

The fifth section, which provides for the warrant of commitment, is silent as to the subject of a seal. The general statute, therefore, covers the case, which provides that "*all process issued by any justice of the peace shall be signed by him, and may be under seal or without seal.*" (3 *R. S.,* 454, § 158.)

I cannot assent to the view expressed by one of the judges of this court, that this section only applies to civil process. The language is too broad and general to receive such a limited construction. It declares that all process issued by a justice of the peace shall be signed by him, and may be under seal or without seal. If a warrant of commitment is a process, issued by a justice of the peace, then this statute embraces it. No one can pretend that such warrant is not a process issued by a justice of the peace. I find, in looking through the various provisions of the statutes in regard to criminal warrants, and those which are *quasi* criminal, none of them are required to be issued under seal. There are two instances, and two only, where it is expressly said they may be with or without seal, and in all other cases the statute is silent. They are, therefore, left to be controlled by this general statute, which applies to all and every process issued by a justice of the peace. This view corresponds with all the treatises and books of forms which have been issued by the profession as guides

for those courts; and such a warrant was certainly approved in *Benac* v. *The People* (4 *Barb. R.*, 32). There is nothing in the point made by the plaintiff, that here was an escape of the prisoner of an entirely voluntary character, and that the justice, therefore, acted without jurisdiction in issuing his warrant of commitment in the manner he did in this case. The plaintiff had been brought before him on a proper warrant, and the justice had done more than was required of him. He had allowed a full examination into the matter, and had adjudicated that the plaintiff should enter into sureties to keep the peace; and the defendant declared that he would not. And the only duty remaining for the justice was to issue his warrant of commitment. This was a mere ministerial act, according to all the cases, and did not require the presence of the prisoner to give validity to the warrant. This process, and all the proceedings under this statute for the prevention of crime, are *quasi* criminal in their character, and fall under the rule applicable to criminal proceedings. The rule in regard to escapes in criminal proceedings, and even under criminal process, is entirely different from what it is in civil. After an escape from an arrest under criminal process, the officer is bound to retake the prisoner, and whether the escape be voluntary or otherwise makes no difference. (6 *Hill R.*, 344–349.) It is preposterous to say that the justice had no jurisdiction to issue this warrant, even if he voluntarily allowed the escape.

The judge, at circuit, would have been fully justified in peremptorily directing a verdict for the defendant. He, however, allowed the case to go to the jury upon the question of the escape, and, as they found there was no escape, their finding should not be disturbed. A new trial can do the plaintiff no good, and is therefore denied.

New trial denied.